UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | |
| ELIZABETH RODRIGUEZ, | ) | |
| MARICELA RODRIGUEZ, | ) | |
| AND MARILU MORENO | ) | |
|     PLAINTIFFS | ) | |
| | ) | |
| VS. | ) | CAUSE NO. _____ |
| | ) | |
| CITY OF PROGRESO, CITY OF | ) | |
| PROGRESO POLICE DEPARTMENT, | ) | |
| CITY OF PROGRESO CHIEF OF | ) | |
| POLICE ALBERTO RODRIGUEZ, | ) | |
| OFFICER OSCAR DEL TORO, | ) | |
| OFFICER CESAR MORIN, | ) | |
| OFFICER STEVEN TREJO, | ) | |
| OFFICER JAVIER VELA, | ) | |
| MUNICIPAL JUDGE | ) | |
| ALFREDO ESPINOZA, | ) | |
| IN THEIR OFFICIAL CAPACITY | ) | |
| AND INDIVIDUAL CAPACITY, | ) | |
|     DEFENDANTS | ) | |

## COMPLAINT

INTRODUCTION

1. This is a an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under common law of the State of Texas, against City of Progreso, City of Progreso Police Department, City of Progreso Chief of Police Alberto Rodriguez, Officer Oscar Del Toro, Officer Cesar Morin, Officer Steven Trejo, Officer Javier Vela and Municipal Judge Alfredo Espinoza, in their official and individual capacities.  Jurisdiction is based upon 28 U.S.C. 1331 and 1343, and under the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Jose Rodriguez, Elizabeth Rodriguez, Maricela Rodriguez and Marilu Moreno, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants assaulted and battered Jose Rodriguez. It is further alleged that these violations and torts were committed as a result of police and customs of the City of Progreso and the City of Progreso Police Department.

PARTIES

3. Jose Rodriguez, Elizabeth Rodriguez and Maricela Rodriguez were at all material times a residents of Hidalgo County, Texas, and of full age. Marilu Moreno was at all material times a resident of Hidalgo County, Texas.

4. The City of Progreso and City of Progreso Police Department, Texas, is a municipal corporation and the public employer of the said officers.

5. Defendants Chief or Police Alberto Rodriguez, Officer Del Toro, Officer Morin, Officer Trejo and Officer Vela, were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Progreso and the City of Progreso Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, usages of the State of Texas and or the City of Progreso and City of Progreso Police Department. Chief of Police Alberto Rodriguez was aware of the prior conduct of Officers Del Toro, Morin, Trejo and Vela, relating to excessive use of force and similar conduct. Chief of Police Alberto Rodriguez although having knowledge of said conduct failed to take proper action to train Officers Del Toro, Morin, Trejo and Vela, or otherwise take action to investigate, correct or remedy the actions of said Officers. Chief of Police Alberto Rodriguez

further failed to take appropriate corrective measures, including training and or discipline of Officers Del Toro, Morin, Trejo and or Vela, to remedy or correct said improper conduct.

Defendant Alfredo Espinoza is the municipal judge for the City of Progreso who was at all times relevant to this complaint duly appointed and acting as a municipal judge for the City of Progreso, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, usages of the State of Texas and or the City of Progreso.  Alfredo Espinoza while acting as a municipal judge for the City of Progreso was aware of the prior conduct of Del Toro, Morin, Trejo & Vela, relating to excessive use of force and similar conduct.  Although having knowledge of said conduct, failed to take proper action to prevent, investigate, correct or remedy the actions of said Officers.  Alfredo Espinoza further failed to take appropriate corrective measures, including training and or discipline of said Officers, to remedy or correct said improper conduct.  Alfredo Espinoza furthered the actions and condoned the actions of said Officers by taking actions which included but were not limited to issuing fines, signing warrants, arraigning persons, and performing other duties as the municipal judge for the City of Progreso.

### FACTS AS TO JOSE, ELIZABETH & MARICELA RODRIGUEZ

6.   On or about December 18, 2011, and at all times pertinent to the cause of action stated in this petition, Chief Rodriguez was in charge of the Progreso Police Department and was the supervisors of Officers Del Toro, Morin, Trejo and Vela.

7.    On or about December 18, 2011, the Plaintiffs were on their vehicle, which was being driven by Maricela Rodriguez and in which Jose Rodriguez and Elizabeth Rodriguez were passengers, among others.

8.   Plaintiffs were traveling on FM 1015 when they were pulled over by Officer Del Toro.

9. Plaintiff Maricela Rodriguez complied with the request of Officer Del Toro and provided her driver's license and insurance information to Officer Del Toro.

10. Officer Del Toro indicated to Maricela Rodriguez that her documentation was in order and that she could go upon her way. Prior to her departure, Officer Morin arrived at the scene and advised Officer Del Toro to arrest Maricela Rodriguez for public intoxication.

11. During the time that Officer Del Toro was complying with the directives provided by Officer Morin, Officers Trejo and Silva arrived at the scene and were assisting with these directives.

12. Officer Morin advised that Jose Rodriguez be arrested for public intoxication and that Elizabeth Rodriguez be arrested for disorderly conduct.

13. Officer Silva proceeded to open the sliding door to the passenger side of Plaintiff's vehicle while Officers Trejo & Morin began to pull Jose Rodriguez out of the front passenger seat.

14. During this process, the officers did not request that Jose Rodriguez exit the vehicle but instead used excessive and unnecessary force to remove Jose Rodriguez from the vehicle. Upon removing Jose Rodriguez from the vehicle the officers continued to use excessive force to handcuff and effectuate the arrest of Jose Rodriguez.

15. Plaintiffs were processed for the respective charges and were detained and thereafter released after payment of a bond.

16. At no time during the events described above, was Plaintiff Jose Rodriguez, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offense.

17. At no time during the events described above, was Plaintiff Maricela Rodriguez,

incapacitated, a threat to the safety of herself or others, or disorderly. She had not committed any criminal offense.

18. At no time during the events described above, was Plaintiff Elizabeth Rodriguez, incapacitated, a threat to the safety of herself or others, or disorderly. She had not committed any criminal offense.

19. The Defendant police officers had no warrant for the arrest of the Plaintiffs, no probable cause for the arrest of the Plaintiffs and no legal cause or excuse to seize the person of the Plaintiffs.

20. The incident was reported to Chief Rodriguez and Alfredo Espinoza. An investigation was not conducted.

21. At all times during the events described above, the Defendant police officers were engaged in a joint venture consistent with their previous conduct. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their officer to each other during said events.

22. As a direct and proximate result of the said acts of the Defendants, the Plaintiffs suffered the following injuries.

    A. Violation of his Constitutional Rights under the Fourth and Fourteenth Amendments to the Unites States Constitution to be free from an unreasonable search and seizure of his/her person.

    B. Loss of physical liberty

    C. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment

23. The actions of Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff.

    A. Freedom from the unreasonable seizure of his person

    B. Freedom from the use of excessive, unreasonable and unjustified force against his person.

## FACTS AS TO MARILU MORENO

24. On or about May 15, 2012, and at all times pertinent to the cause of action stated in this petition, Chief Rodriguez was in charge of the Progreso Police Department and was the supervisors of Officers Trejo and Vela.

25. On or about May 15, 2012, the Plaintiff Marilu Moreno was operating a vehicle which she did not own but had permission to operate.

26. Plaintiff was pulled over by Officer Trejo.

27. Plaintiff Marilu Moreno complied with the request of Officer Trejo and provided her driver's license and advised that she did not have knowledge of the insurance converage or documents. Officer Trejo returned to his patrol car and thereafter returned to Plaintiff Marilu Moreno and asked the year of the vehicle, acknowledging it was a 2012. Officer Trejo then returned to his patrol car again.

28. Officer Trejo again returned to Plaintiff Marilu Moreno's window and advised of the ticket he was about to give her. Plaintiff Marilu Moreno made a comment about the Vela's and Officer Trejo immediately grabbed her left arm and began twisting her arm. As Marilu Moreno grabbed her phone with her right hand and began dialing 911, Officer Trejo grabbed the phone, breaking the phone.

29. Plaintiff Marilu Moreno began screaming and crying in fear as she was assaulted by Officer Trejo. After assaulting Marilu Moreno, Officer Trejo returned to his car.

30. A second officer by the name of Officer Vela arrived at the scene and approached Plaintiff Marilu Moreno. Marilu Moreno advised him of her injuries to the head, arm and of her high blood pressure. Officer Vela allowed Marilu Moreno to use his phone to contact her family.

31. Plaintiff Marilu Moreno was thereafter placed in ambulance and transported to a hospital where she was treated for her injuries.

32. At no time during the events described above, was Plaintiff Marilu Moreno, incapacitated, a threat to the safety of himself or others, or disorderly. She had not committed any criminal offense.

33. The Defendant police officers had no warrant for the arrest of the Plaintiff Marilu Moreno, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

34. The incident was reported to Chief Rodriguez and Alfredo Espinoza. An investigation was not conducted.

35. At all times during the events described above, the Defendant police officers were engaged in a joint venture consistent with their previous conduct. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their officer to each other during said events.

36. As a direct and proximate result of the said acts of the Defendants, the Plaintiff suffered the following injuries.

    A. Violation of her Constitutional Rights under the Fourth and Fourteenth

        Amendments to the Unites States Constitution to be free from an unreasonable search and seizure of his/her person.

    B.    Loss of physical liberty

    C.    Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment

37.    The actions of Defendant Officers violated the following clearly established and well settled federal constitutional rights of Plaintiff.

    A.    Freedom from the unreasonable seizure of his person

    B.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

### COUNT 1 - 42 U.S.C. 1983 Against Individual Defendants

38.    Paragraphs 1-37 are incorporated herein by reference as though fully set forth.

39.    Plaintiffs claim damages for injuries set forth above under 42 U.S.C. 1983 against all Defendant Officers, and Alfredo Espinoza, for violations of their constitutional rights under color of law.

### COUNT II - Assault and Battery Against Individual Defendants

40.    Paragraphs 1-37 are incorporated herein by reference as though fully set forth.

41.    All Defendant Officers assaulted and battered all named Plaintiffs.

42.    As a result of this assault and battery, Plaintiffs individually suffered damages as aforesaid.

### COUNT III - False Arrest and Illegal Imprisonment Against Individual Defendants

43.    Paragraphs 1-37 are incorporated herein by reference as though fully set forth.

44.    Defendant Officers Del Toro, Morin and Trejo and Defendant Espinoza, illegally arrested

and illegally imprisoned the Rodriguez Plaintiffs.

45.    As a result of this false arrest and illegal imprisonment, the Rodriguez Plaintiffs suffered the damages aforesaid.

COUNT IV - 42 U.S.C. 1983 Against City of Progreso & City of Progreso Police Department

46.    Paragraphs 1-37 are incorporated herein by reference as though fully set forth.

47.    Prior to December 18, 2011 and prior to May 15, 2012, the City of Progreso developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in Progreso, which caused the violation of Plaintiffs' rights.

48.    It was the policy and or custom fo the City of Progreso to inadequately and improperly investigate citizen complaints of police misconduct and acts of misconduct were instead tolerated by the City of Progreso.

49.    It was the policy and or custom of the City of Progreso to inadequately supervise and train its police officer, including the Defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.  The City did not require appropriate in-service training or re-training of officers who were know to have engaged in police misconduct.

50.    As a result of the above described policies and customs, police officer of the City of Progreso, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51.    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Progreso and City of Progreso Police Department to the

constitutional rights of persons within the City and were the cause of the violations of Plaintiff's rights alleged herein.

    WHEREFORE, the Plaintiffs requests that this Court:

A.    Award compensatory damages to Plaintiffs against the Defendants, jointly and severally;

B.    Award costs of this action to the Plaintiffs;

C.    Award reasonable attorney's fees and costs to the Plaintiffs on Counts I and IV of the complaint;

D.    Award such other and further relief as this Court may deem appropriate.

The Plaintiffs hereby demands a jury trial.

    Respectfully submitted,

/s/ Gregorio R. Lopez
Gregorio R. Lopez
Attorney for Plaintiff
State Bar No.: 24027457
4417 N. McColl Rd.
McAllen, Texas 78504
(800) 779-0249
Fax (866) 612-7811